## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

BRIAN WRIGHT,                                                         CASE NO. _____

    Plaintiff

v.

SIXT RENT A CAR, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, BRIAN WRIGHT ("WRIGHT"), by and through undersigned counsel, files this action against Defendant SIXT RENT A CAR, LLC ("SIXT"), and hereby alleges as follows:

## NATURE OF THE CASE

1. This is a 42 U.S.C. §1981 claim arising out of racial discrimination against Plaintiff Wright by Defendant Sixt, and deprivation of Plaintiff's contractual rights by Defendant.

## JURISDICTION, VENUE, AND PARTIES

2. <u>Jurisdiction</u>. This Court has original jurisdiction over Plaintiff's Section 1981 claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4) and this involves a federal question regarding the deprivation of Plaintiff's rights under Section 1981.

3. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

4. At all times material, Plaintiff was a resident of Fort Lauderdale, Broward County, Florida.

5. Defendant is a foreign limited liability company authorized to do business in Florida, with a principal place of business located at 1501 NW 49th St., Suite 100, Fort Lauderdale, FL 33309.

6. Defendant is subject to personal jurisdiction in this District because it maintains facilities and business operations in this District and committed the discriminatory acts alleged herein occurred in this District.

7. Defendant Sixt is a limited liability company in the business of providing short term car rentals, with a principal place of business located in Fort Lauderdale, Florida.

8. Plaintiff Wright entered into a contract with Defendant Sixt, to rent a car.

9. All conditions precedent to maintaining this action have been satisfied by Plaintiff or have been excused or waived by Defendants.

## GENERAL ALLEGATIONS

10. Plaintiff Wright is an African American male.

11. On February 6, 2022, Plaintiff Wright entered into a contract to rent a small SUV from Defendant Sixt, for a term of one week starting February 6, 2022, through February 13, 2022.

12. Plaintiff Wright had rented cars from Sixt Rent a Car numerous times prior to the February 6, 2022, rental contract.

13. When Plaintiff Wright arrived at the Sixt Rent a Car location in Fort Lauderdale to pick up his car, he was informed that because there were no small SUV's available, he would be provided a complimentary upgrade to a luxury SUV.

14. On February 8, 2022, Plaintiff Wright received a phone call from the Fort Lauderdale branch manager of Defendant Sixt, Mr. Brennon Sparke.

15. On that date Mr. Sparke informed the Plaintiff that the rate he was paying for the SUV was too low, and he could not keep the vehicle, nor extend the contract, and the vehicle needed to be returned immediately.

16. During said call, Plaintiff Wright explained to Mr. Sparke that he was given a luxury SUV because Sixt did not have vehicles available in the size he reserved. Plaintiff asked why he could not keep the vehicle for the end of his one-week contract term, to which Mr. Sparke rudely responded, "because you can't," and abruptly ended the call.

17. Following his phone call with Mr. Sparke, Plaintiff visited the Sixt location in Fort Lauderdale. There, Plaintiff spoke with Shawn, a rental agent, who informed Plaintiff he could keep the luxury SUV due to a vehicle shortage. Shawn extended the rental contract to a return date of March 6, 2022.

18. On February 17, 2022, Plaintiff received another phone call from Mr. Sparke.

19. Mr. Sparke, in an unpleasant tone, asked Plaintiff why the SUV he rented had not been returned. Plaintiff patiently explained that he tried to return the vehicle, but due to a vehicle shortage, his contract for the SUV rental was extended.

20. During the February 17, 2022, phone call with Mr. Sparke, Plaintiff was at work, and answered the call on speakerphone.

21. Upon Plaintiff informing Mr. Sparke that he had not returned the vehicle due to the vehicle shortage, and because his contract was not up, Mr. Sparke stated: **"You Black—You people can't rent nice cars and pay a cheap rate."**

22. Plaintiff and his co-workers heard the racial slur made by Mr. Sparke over the phone. Plaintiff Wright, fittingly, lodged a complaint against Mr. Sparke with Sixt Rent a Car.

23. On March 6, 2022, Plaintiff visited the Sixt location in Fort Lauderdale to return the vehicle pursuant to his contract. There he was informed that the contract terms were altered without his consent, and that the new drop off location for his vehicle was Orlando, not Fort Lauderdale.

24. Plaintiff learned from a rental agent that Sixt manager Mr. Sparke altered the rental contract to reflect a different drop off location, imposed a fee due to the car being returned to a different location, and placed Plaintiff on a "Do Not Rent" list.

25. Plaintiff also learned that Mr. Sparke himself "closed out" the complaints that Plaintiff lodged against him for Sparke's improper and unlawful conduct.

26. After Defendant Sixt failed to address the complaints made by Plaintiff; Plaintiff reached out to several branch managers of Sixt Rent a Car in different locations, one of whom stated that Plaintiff's complaints were "probably going to be pushed aside with no action."

27. On March 23, 2022, Plaintiff received a phone call from Sixt area manager, Ms. Natalie Hernandez.

28. During said call, Ms. Hernandez stated that Plaintiff's complaint was "not as serious as he was making it out to be."

29. On April 8, 2022, Plaintiff received a phone call from the Vice President and Area Director of Defendant Sixt, Ms. Monique Kennedy. Ms. Kennedy failed to address any disciplinary action against Mr. Sparke or others, to redress the situation.

30. The Fort Lauderdale Sixt Rent a Car location is replete with negative reviews online.

31. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay a reasonable fee for their services.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

32. Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 31, inclusive, as though fully set forth herein.

33. Plaintiff Wright is African American and therefore a member of a racial minority.

34. Defendant Sixt, via its employees, intended to and did discriminate against Plaintiff Wright based solely on his race.

35. Defendant has discriminated against Plaintiff in violation of the Federal Civil Right Statute, 42 U.S.C. §1981.

36. By the conduct described above, Defendant Six t intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual relationship with Defendant, in violation of 42 U.S.C. §1981.

37. Such discrimination would not have occurred but for Plaintiff's race, as evidenced by the Defendant's comments and treatment of Plaintiffs versus the treatment of other white customers.

38. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied contractual rights, benefits, and privileges and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling him to equitable monetary relief, as well as compensatory damages.

39. Defendant, in its discriminatory actions, has acted with malice or reckless indifference to Plaintiff's rights, thereby entitling him to an award of punitive damages.

## COUNT II
## NEGLIGENT TRAINING

40. Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 31, inclusive, as though fully set forth herein.

41. Defendant Sixt owed its customers, including Plaintiff , a duty of care to ensure that Sixt employees were trained adequately and acted on behalf of Sixt in the scope of their employment, in a manner so as to prevent injury to customers.

42. The nature of Mr. Sparke's employment as a branch manager was such that he had contact with customers of Defendant, Sixt, including Plaintiff Wright.

43. Defendant Sixt failed to adequately implement and/or operate its employee training program such that this failure resulted in discrimination against Plaintiff and a violation of Plaintiff's civil rights.

44. Plaintiff Wright suffered harm as a result of Defendant Sixt's failure to properly train its employees, including manager Mr. Sparke.

45. As a result of said negligence, Plaintiff Wright has suffered and continues to suffer suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling him to equitable monetary relief, as well as compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

D. An award of punitive damages;

E. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 20, 2022

BLACK ROCK TRIAL LAWYERS, PLLC

By: _____
Gil Sanchez, Esq.
Counsel for Plaintiff
Florida Bar Number: 735981
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Fascimile
gil@blackrocklaw.com
litigaton@blackrocklaw.com