UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62386-CIV-DIMITROULEAS

BRIAN WRIGHT,

    Plaintiff,

vs.

SIXT RENT A CAR. LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Sixt Rent a Car, LLC ("Sixt" or "Defendant)'s Motion to Dismiss Plaintiff's Complaint [DE 9], filed on February 14, 2023. The Court has carefully considered the Motion [DE 9], Plaintiff Brian Wright ("Wright" or "Plaintiff")'s Response [DE 12], Defendant's Reply [DE 13], and is otherwise fully advised in the premises.

### I.    BACKGROUND

Plaintiff Wright filed the instant action on December 20, 2022. *See* [DE 1]. According to the factual allegations of the Complaint, which the Court accepts as true for the purposes of a motion to dismiss:

Plaintiff Wright is an African American male. [DE 1] at ¶ 10. Plaintiff is a resident of Fort Lauderdale, Broward County, Florida. ¶ 4. Defendant Sixt is a foreign limited liability company authorized to do business in Florida, with a principal place of business located in Fort Lauderdale, Florida. ¶ 5. Defendant Sixt is a limited liability company in the business of providing short term car rentals. ¶ 7.

On February 6, 2022, Plaintiff Wright entered into a contract to rent a small SUV from Defendant Sixt, for a term of one week starting February 6, 2022, through February 13, 2022. ¶ 11.  Plaintiff had rented cars from Sixt Rent a Car numerous times prior to the February 6, 2022, rental contract. ¶12.  When Plaintiff arrived at the Sixt Rent a Car location in Fort Lauderdale to pick up his car, he was informed that because there were no small SUV's available, he would be provided a complimentary upgrade to a luxury SUV. ¶13.

On February 8, 2022, Plaintiff Wright received a phone call from the Fort Lauderdale branch manager of Defendant Sixt, Mr. Brennon Sparke ("Sparke"). ¶14.  On that call, Sparke informed the Plaintiff that the rate he was paying for the SUV was too low, and he could not keep the vehicle, nor extend the contract, and the vehicle needed to be returned immediately. ¶15.  During said call, Plaintiff explained to Sparke that he was given a luxury SUV because Sixt did not have vehicles available in the size he reserved. ¶16.  Plaintiff asked why he could not keep the vehicle for the end of his one-week contract term, to which Sparke rudely responded, "because you can't," and abruptly ended the call. ¶16.

Following his phone call with Sparke, Plaintiff visited the Sixt location in Fort Lauderdale. ¶17.  There, Plaintiff spoke with Shawn, a rental agent, who informed Plaintiff he could keep the luxury SUV due to a vehicle shortage. ¶17.  Shawn extended the rental contract to a return date of March 6, 2022. ¶17.

On February 17, 2022, Plaintiff received another phone call from Sparke. ¶18.  During the February 17, 2022 phone call with Sparke, Plaintiff was at work, and he answered the call on speakerphone. ¶20.  Sparke, in an unpleasant tone, asked Plaintiff why the SUV he rented had not been returned. ¶19.  Plaintiff patiently explained that he tried to return the vehicle, but due to

a vehicle shortage, his contract for the SUV rental was extended. ¶19.  Upon Plaintiff informing Sparke that he had not returned the vehicle due to the vehicle shortage, and because his contract was not up, Sparke stated: "You Black—You people can't rent nice cars and pay a cheap rate." ¶21.  Plaintiff and his co-workers heard what was stated by Sparke over the phone. ¶22. Plaintiff lodged a complaint against Sparke with Sixt Rent a Car. ¶22.

On March 6, 2022, Plaintiff visited the Sixt location in Fort Lauderdale to return the vehicle pursuant to his contract. ¶23.  There he was informed that the contract terms were altered without his consent, and that the new drop off location for his vehicle was Orlando, not Fort Lauderdale. ¶23.  Plaintiff learned from a rental agent that Sixt manager Sparke altered the rental contract to reflect a different drop off location, imposed a fee due to the car being returned to a different location, and placed Plaintiff on a "Do Not Rent" list. ¶24.  Plaintiff also learned that Sparke "closed out" the complaints that Plaintiff lodged against Sparke. ¶25.

After Defendant Sixt failed to address the complaints made by Plaintiff, Plaintiff reached out to several branch managers of Sixt Rent a Car in different locations, one of whom stated that Plaintiff's complaints were "probably going to be pushed aside with no action." ¶26.  On March 23, 2022, Plaintiff received a phone call from Sixt area manager, Ms. Natalie Hernandez ("Hernandez"). ¶27.  During said call, Hernandez stated that Plaintiff's complaint was "not as serious as he was making it out to be." ¶28.  On April 8, 2022, Plaintiff received a phone call from the Vice President and Area Director of Defendant Sixt, Ms. Monique Kennedy ("Kennedy"). ¶29.  Kennedy failed to address any disciplinary action against Sparke or others. ¶29.  The Fort Lauderdale Sixt Rent a Car location is replete with negative reviews online. ¶30.

Based upon the foregoing allegations, Plaintiff's Complaint asserts two claims against Sixt, as follows: Count I: Violation of 42 U.S.C. § 1981, *et seq.*; and Count II: negligent training. *See* [DE 1]. Defendant has moved to dismiss the Complaint in its entirety for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendant also asks that the Court decline to exercise supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(c).

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

**B.     Discussion**

*1.     Count I - Violation of 42 U.S.C. § 1981*

In Count I, Plaintiff alleges that Sixt intentionally discriminated against him on the basis of his African American race and that the discrimination "deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual relationship with Defendant, in violation of 42 U.S.C. §1981." [DE 1] at ¶36.

"Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts..." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999). A § 1981 claim requires that "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Here, as to the first element of his § 1981 claim, Plaintiff has adequately alleged that as an African American he is a member of a racial minority that is protected by § 1981. Defendant Sixt challenges the second and third elements, that Sixt intended to discriminate and whether its conduct violated Plaintiff's rights to make and enforce a contract.

Turning to allegations of Defendant Sixt's intent, the Court finds that Plaintiff has satisfied his burden at the pleading stage. The Complaint alleges that the Fort Lauderdale branch manager of Defendant Sixt, Sparke, spoke disparagingly to Plaintiff about "Black" people not being allowed to rent luxury cars at cheap rates, and that the same branch manager, Sparke, then later unilaterally altered Plaintiff's rental contract to reflect a drop off location several hours

drive away, imposed a fee due to the car being returned to a different location, and placed Plaintiff on a "Do Not Rent" list, all depriving Plaintiff of contracting rights enjoyed by white customers. *See, e.g., Don v. Equinox Brickell, Inc.*, No. 20-25322-CIV, 2021 WL 2453150, at *2 (S.D. Fla. June 16, 2021) (holding that the plaintiff "satisfied his burden" as to the allegations of the defendant's intent where "[t]he amended complaint alleges that the General Manager at issue gave him dirty looks and terminated his discounted gym membership without cause, while White members were allowed to enjoy their memberships.").

Finally, as to the third element, whether Defendant Sixt's conduct interfered with Plaintiff's right to make and enforce a contract, the Court finds that, taking all of the allegations as true, and construing them in the light most favorable to Plaintiff, as the Court must at this stage, Plaintiff has sufficiently alleged that Defendant Sixt (1) denied Plaintiff the right to enforce his existing contract with Sixt by unilaterally making material changes to the vehicle drop-off location and imposing a corresponding fee and (2) entirely denied Plaintiff the opportunity to contract with Sixt in the future by putting Plaintiff on a "Do Not Rent" list.

Accordingly, the Court denies Defendant's motion to dismiss as to Count I.

### 2. *Negligent Training*

In Count II, Plaintiff alleges that Defendant Sixt failed to properly train its employees, including branch manager Sparke.

Negligent training occurs when an employer "was negligent in the implementation or operation of the training program" and this negligence caused a plaintiff's injury. *Doe v. NCL (Bahamas) Ltd.*, No. 1:16-cv-23733-UU, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016) (quoting *Cruz v. Advance Stores Co.*, 842 F. Supp. 2d 1356, 1359 (S.D. Fla. 2012)).

In the Complaint, Plaintiff alleges that Sixt owed its customers, including Plaintiff, a duty of care to ensure that Sixt employees were trained adequately and acted on behalf of Sixt in the scope of their employment, in a manner so as to prevent injury to customers. [DE 1] at ¶41. Plaintiff further alleges that the nature of Sparke's employment as a branch manager was such that he had contact with customers of Defendant, Sixt, including Plaintiff Wright. ¶42. The Complaint alleges that Defendant Sixt "failed to adequately implement and/or operate its employee training program such that this failure resulted in discrimination against Plaintiff and a violation of Plaintiff's civil rights." ¶43. Finally, Plaintiff alleges that he suffered harm as a result of Defendant Sixt's failure to properly train its employees, including manager Sparke. ¶44. "As a result of said negligence, Plaintiff Wright has suffered and continues to suffer suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling him to equitable monetary relief, as well as compensatory damages." ¶45.

Defendant moves to dismiss Count II, arguing that Plaintiff fails to allege sufficient factual allegations to establish Sixt acted negligently in the implementation or operation of its training program. The Court agrees. The Complaint's wholly conclusory allegations of Sixt's purported failure to adequately implement and/or operate its employee training resulting in discrimination against Plaintiff are insufficient to state a claim for negligent training. *See, e.g., Walsh v. Carnival Corp.*, No. 20-cv-21454-UU, 2020 WL 10936272, at *5 (S.D. Fla. July 7, 2020) (dismissing negligent training claim for "fail[ing] to include any factual allegations with respect to how Defendant was negligent in implementing or operating its training programs").

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint [DE 9] is hereby **GRANTED in part and DENIED in part** as follows:

1. Count II for negligent training is **DISMISSED** for failure to state a claim[1];

2. On or before **May 4, 2023**, Plaintiff shall either file an Amended Complaint attempting to replead Count II, or shall file a Notice stating that he intends to proceed in this case only as to Count I, his claim for intentional discrimination in violation of 42 U.S.C. § 1981.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 20th day of April, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record

---

[1] Because the Court is dismissing Count II, the Court does not address the alternative argument that the Court should decline to exercise supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(c).