UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62386-CIV-DIMITROULEAS

BRIAN WRIGHT,

       Plaintiff,

v.

SIXT RENT A CAR, LLC,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Sixt Rent a Car, LLC ("**Sixt**"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses to Plaintiff, Brian Wright's ("**Plaintiff**") Amended Complaint [ECF No. 15], and states:

### NATURE OF CASE

1. Sixt admits the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint *only* to the extent Plaintiff purports this to be an action asserting a 42 U.S.C. § 1981 claim arising out of purported racial discrimination against Plaintiff by Sixt and alleged deprivation of Plaintiff's contractual rights by Sixt. Sixt, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, violated any laws, or that Plaintiff is entitled to any relief in this matter whatsoever.

### JURISDICTION, VENUE, AND PARTIES

2. Sixt admits the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint for jurisdictional purposes *only*. Sixt, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, violated any laws, or that Plaintiff is entitled to any relief in this matter whatsoever.

3. Sixt admits the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint for venue purposes *only*. Sixt, however, denies it has committed any acts or omissions

giving rise to the claims asserted by Plaintiff, violated any laws, or that Plaintiff is entitled to any relief in this matter whatsoever.

4. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

5. Sixt admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Sixt admits the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint for jurisdictional purposes *only*.  Sixt, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, violated any laws, or that Plaintiff is entitled to any relief in this matter whatsoever.

7. Sixt admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Sixt denies as phrased the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

## GENERAL ALLEGATIONS

10. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint.

11. Sixt admits the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint *only* to the extent the alleged contract referenced therein speaks for itself.  Sixt, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, violated any laws, or that Plaintiff is entitled to any relief in this matter whatsoever.

12. Sixt denies as phrased the allegations set forth in Paragraph 12 of Plaintiff's Complaint, as the term "numerous" is ambiguous and undefined.

13. Sixt admits the allegations set forth in Paragraph 13 of Plaintiff's Amended Complaint.

14. Sixt admits the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint.

15. Sixt denies as phrased the allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint.

16. Sixt admits the allegations set forth in the first sentence of Paragraph 16 of Plaintiff's Amended Complaint. Sixt denies the allegations set forth in the second sentence of Paragraph 16 of Plaintiff's Amended Complaint.

17. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in the first and second sentence of Paragraph 17 of Plaintiff's Amended Complaint. Sixt denies as phrased the allegations set forth in the third sentence of Paragraph 17 of Plaintiff's Amended Complaint.

18. Sixt admits the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint.

19. Sixt denies as phrased the allegations set forth in Paragraph 19 of Plaintiff's Amended Complaint.

20. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint.

21. Sixt denies the allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint.

22. Sixt denies the allegations set forth in the first sentence of Paragraph 22 of Plaintiff's Amended Complaint. Sixt admits the allegations set forth in the second sentence of Paragraph 22 of Plaintiff's Amended Complaint.

23. Sixt denies as phrased the allegations set forth in Paragraph 23 of Plaintiff's Amended Complaint.

24. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 24 of Plaintiff's Amended Complaint.

25. Sixt denies as phrased the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint.

26. Sixt denies as phrased allegations set forth in Paragraph 26 of Plaintiff's Amended Complaint.

27. Sixt admits the allegations set forth in Paragraph 27 of Plaintiff's Amended Complaint.

28. Sixt denies the allegations set forth in Paragraph 28 of Plaintiff's Amended Complaint.

29. Sixt admits the allegations set forth in the first sentence of Paragraph 29 of Plaintiff's Amended Complaint. Sixt denies as phrased the allegations set forth in the second sentence of Paragraph 29 of Plaintiff's Amended Complaint.

30. Sixt denies the allegations set forth in Paragraph 30 of Plaintiff's Amended Complaint.

31. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 31 of Plaintiff's Amended Complaint.

## COUNT I – PURPORTED VIOLATION OF 42 U.S.C. 1981

32. Sixt re-alleges and adopts its responses to Paragraphs 1-31 of Plaintiff's Amended Complaint as if fully set forth herein.

33. Sixt is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 33 of Plaintiff's Amended Complaint.

34. Sixt denies the allegations set forth in Paragraph 34 of Plaintiff's Amended Complaint.

35. Sixt denies the allegations set forth in Paragraph 35 of Plaintiff's Amended Complaint.

36. Sixt denies the allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint.

37. Sixt denies the allegations set forth in Paragraph 37 of Plaintiff's Amended Complaint.

38. Sixt denies the allegations set forth in Paragraph 38 of Plaintiff's Amended Complaint.

39. Sixt denies the allegations set forth in Paragraph 39 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant, Sixt Rent a Car, LLC, respectfully requests this Honorable Court enter judgment against Plaintiff as to all issues and matters set forth within Plaintiff's Amended Complaint, and requests all relief to which it is entitled, including, but not limited to, costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, along with any and all other relief this Court deems just and proper in light of the foregoing.

CASE NO. 22-62386-CIV-DIMITROULEAS

## GENERAL DENIAL

Sixt denies each and every allegation in Plaintiff's Amended Complaint not specifically admitted herein.

## DEMAND FOR JURY TRIAL

Sixt hereby demands a trial by jury for all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

For its additional defenses and without admitting that Sixt bears the burden of proof as to any defenses in this action, Sixt asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred (or limited) to the extent Sixt can show Plaintiff engaged in misconduct prior to, during, or concurrent with his utilization of the rental luxury SUV, that otherwise would have resulted in an adverse placement on Sixt's "Do Not Rent" list if such conduct were then known to Sixt.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages are barred to the extent he has failed to take steps to mitigate his alleged damages or to the extent his efforts to mitigate his alleged damages were not reasonable.

## THIRD AFFIRMATIVE DEFENSE

Although Plaintiff is not entitled to any damages or award, Sixt is entitled to a set-off of any and all collateral sources or monies paid to or for the benefit of Plaintiff or otherwise available or should have been awardable to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with or satisfy all administrative prerequisites and/or conditions precedent to the commencement of this suit.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Sixt acted in good faith, without malice or intent to harm, interfere, or discriminate/retaliate against Plaintiff, and Sixt had reasonable grounds to believe its actions were not unlawful.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Sixt's conduct was based on legitimate, non-discriminatory, non-retaliatory business reasons, and was not based upon any reason in violation of public policy and/or other factors protected by law. Any adverse actions purportedly taken by Sixt with respect to Plaintiff were predicated on grounds other than Plaintiff's race, and any alleged adverse actions would have been taken in the absence of Plaintiff's alleged claims of racial discrimination.

**SEVENTH AFFIRMATIVE DEFENSE**

Sixt asserts that it is not liable for any alleged wrongful action taken by employees of Sixt, which were taken outside the course and scope of their duties and which were not authorized, condoned, or ratified by Sixt.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's race was not a motivating factor in any action taken with respect to Plaintiff by Sixt.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages in this action against Sixt because Sixt did not intentionally engage in any discriminatory practices against Plaintiff with malice or with reckless indifference to Plaintiff's protected rights.

**TENTH AFFIRMATIVE DEFENSE**

Neither race nor any other allegedly protected characteristics of Plaintiff was the "but-for" cause of any alleged adverse action taken against Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because any purported rental denial decision (placement on "Do Not Rent" list) about which he complains was made on the basis of reasonable factors other than Plaintiff's race.

CASE NO. 22-62386-CIV-DIMITROULEAS

**Dated June 2, 2023**

Respectfully submitted,

By: /s/ Matthew A. Green
Scott A. Bassman, Esq.
Florida Bar No. 232180
scott.bassman@csklegal.com
Matthew A. Green, Esq.
Florida Bar No. 1019717
matthew.green@csklegal.com
**COLE, SCOTT & KISSANE, P.A.**
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3700
Facsimile (954) 703-3701

*Counsel for Defendant, Sixt Rent a Car, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June 2023, the undersigned electronically served the foregoing document upon counsel of record.

/s/ Matthew A. Green
Matthew A. Green, Esq.
Florida Bar No. 1019717